UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-24825-KMM

ILARINA GRULLON,

    Plaintiff,
v.

NANCY A. BERRYHILL, Acting Commissioner
of Social Security Administration,

    Defendant.
                                   /

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the Parties' cross motions for summary judgement. Plaintiff Ilarina Grullon ("Plaintiff") filed a Complaint seeking review of a final decision of the Commissioner of Social Security Administration ("Defendant"). (ECF No. 1). On May 28, 2020, Plaintiff filed her Motion for Summary Judgement and Memorandum in Support of Motion for Summary Judgement. ("Pl.'s Mot.") (ECF No. 17). On June 29, 2020, Defendant filed her Motion for Summary Judgement with Supporting Memorandum of Law and Response to Plaintiff's Motion for Summary Judgement. ("Def.'s Mot.") (ECF No. 20). The Court referred the matter to the Honorable Jacqueline Becerra, United States Magistrate Judge (ECF Nos. 2, 9), who issued a Report and Recommendation recommending that Plaintiff's Motion be GRANTED IN PART, Defendant's Motion be DENIED, and that the case be REMANDED for proper consideration of the medical opinion evidence. ("R&R") (ECF No. 23). The Parties did not file objections to the R&R and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

As set forth in the R&R, Magistrate Judge Becerra makes the following findings: (1) the Administrative Law Judge ("ALJ") did not err in finding that Plaintiff can frequently interact with coworkers, supervisors, and the public; (2) the ALJ's finding that Plaintiff can perform simple routine tasks and make simple work-related decisions is not supported by substantial evidence; and (3) the ALJ failed to properly evaluate all the medical opinions in the record. R&R at 9–19.

"Judicial review of an ALJ's final decision is limited to whether there is substantial evidence in the record to support the ALJ's findings, and whether the correct legal standards were applied." R&R at 8 (citing 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002)).[1] When assessing medical evidence of a disability, ALJs are required to "state with particularity the weight [given to] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986)).  Under the applicable regulations, a "medical opinion" is defined as "statements from acceptable medical sources that reflect judgements about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." *See* R&R at 14 (citing 20 C.F.R. § 416.927(a)(1)). If an ALJ fails to state specifically the weight given to a medical opinion, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."

---

[1] "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." R&R at 8 (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (other citations omitted)).

*Hudson v. Heckler*, 755 F.2d 781, 786 (11th Cir. 1985) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 734 (11th Cir. 1981) (internal quotation marks omitted)).

Magistrate Judge Becerra found that Dr. Fonte's medical notes—which "diagnose Plaintiff's impairments and include his assessment of Plaintiff's mental limitations"—constitute a medical opinion. *See* R&R at 14–19; 20 C.F.R. § 416.927(a)(1). The ALJ therefore erred in failing to assign a specific weight to the medical opinion. R&R at 15; *see also McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962–63 (11th Cir. 2015) ("Because the ALJ failed to state with particularity the weight assigned to [the medical] opinion or the reasons why he may have discarded her opinion, we vacate and remand to the district court with instructions to return the case to the Commissioner for proceedings consistent with this opinion.")

For this reason, Magistrate Judge Becerra found that ALJs findings with respect to Plaintiff's capacity to perform simple routine tasks and make simple work-related decisions is not supported by substantial evidence. R&R at 12; *see also Hudson*, 755 F.2d at 786. The Court agrees.

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 23) is ADOPTED, Plaintiff's Motion (ECF No. 17) is GRANTED IN PART, and Defendant's Motion (ECF No. 20) is DENIED. The ALJ's decision in this matter is hereby REVERSED, and the Clerk of Court is instructed to REMAND this case to the Commissioner of Social Security for further proceedings consistent with this Order and Magistrate Judge Becerra's Report and Recommendation. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  16th  day of March, 2021.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record